Van Brunt, P. J.
— This action was brought for the purpose of restraining the defendant from the violation of an agreement which it is alleged he entered into with the plaintiff, whereby he agreed, for a consideration received by him, that he would not, directly or indirectly, engage in, or become associated with, any business of manufacturing, buying, or selling wall paper, decorations, furnishings, or merchandise of a similar character, as principals, agents, employees, or in any other relation or capacity, or as stockholders, directors, trustees, agents, officers, or employees of any corporation other than the plaintiff, in any state or territory of the United States except the state of Washington. It appears and is conceded upon the part of the defendant that he was making preparations to enter as employee into the business of a rival corporation. The injunction obtained herein was continued upon motion, and from order continuing the injunction this appeal is taken.
Since the decision of the ease of Diamond Match Co. v. Roeber, 106 N. Y. 473; 11 St. Rep. 47, such a contract as above referred to cannot be held to be illegal, as in general restraint of trade. It is urged, however, upon the part of the defendant, that the contract which was entered into by his firm and himself with the plaintiff was void, because it was part of a corrupt and wicked conspiracy against the law and public policy of this state, in that it was a combination of manufacturers, for the purpose of putting up the price of goods and down the price of wages. In view of the fact that the defendant retained the price which was paid for his corrupt and wicked agreement, it is difficult to see how he can claim, being a party to the instrument, and having received that which he considered an adequate consideration for the restraints which were put upon his volition, that such restraint should be removed, and he be permitted to enjoy the fruits of what he claims to be his unlawful agreement. We do not think that the defendant is in a position to attack this contract, certainly not with its fruits in his pocket.
The order should be affirmed, with $10 costs and disbursements.
All concur.